UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\----------------------------------------------- X

SAGA FOREST CARRIERS INTL AS,

Plaintiff,

- against -

DAEWOO LOGISTICS CO. LTD. and
DAEWOO LOGISTICS CORP.,

Defendants.

\----------------------------------------------- X

**MEMORANDUM
OPINION AND ORDER**

**08 Civ. 10087 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/09

SHIRA A. SCHEINDLIN, U.S.D.J.:

On December 2, 2008, this Court issued an Ex Parte Order for Process

of Maritime Attachment and Garnishment ("PMAG") authorizing the attachment

of defendants' property in the amount of $1,379,683.53.  On February 3, 2009, this

Court issued an Amended PMAG authorizing the attachment of defendants'

property in the increased sum of $2,553,028.48.  Pursuant to the writ of attachment

issued in this case, plaintiff attached defendants' assets in the form of electronic

fund transfers ("EFTs") at garnishee banks in New York in the total amount of

$609,638.61.[1]

---

[1]     *See* Declaration of Christopher Carlsen, plaintiff's counsel, in
Response to Order to Show Cause ¶ 9.

1

On October 16, 2009, the U.S. Court of Appeals for the Second Circuit issued its decision in *Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd.*, holding, *inter alia*, that "[b]ecause EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B."[2] On October 20, 2009, this Court issued an Order in the above captioned action directing plaintiff to show cause why this Court's PMAGs should not be vacated and any funds attached as EFTs should not be immediately released.

On November 13, 2009, the Second Circuit issued its decision in *Hawknet, Ltd. v. Overseas Shipping Agencies*, holding that *Shipping Corporation of India* applies retroactively.[3] As a result, EFTs may no longer be relied upon to maintain jurisdiction over a defendant that "'is not found within the district'" and that, as a result, a district court "would have to conclude that it can exercise personal jurisdiction over the defendant by some other means."[4] Accordingly, the Second Circuit remanded the action "to the District Court with instructions to enter an order to show cause why it should not dismiss the complaint for lack of personal

---

[2]     585 F.3d 58, 71 (2d Cir. 2009).

[3]     No. 09 Civ. 2128, 2009 WL 3790654, at *3 (2d Cir. Nov. 13, 2009).

[4]     *Id.* (quoting Fed. R. Civ. P. Supp. R. B(1)(a)).

jurisdiction."[5]

On November 19, 2009, plaintiff submitted a response asserting that *Shipping Corporation of India* should not apply retroactively due to equity considerations. Specifically, plaintiff claims that it relied on the Second Circuit's prior decisions upholding maritime attachments and now will be unable to secure its underlying claims being arbitrated in London because defendants have since declared bankruptcy. The Court is not swayed that equity considerations require the funds remain attached, particularly where the initial attachment was infirm and plaintiff has been unable to show that this Court has any basis to exercise jurisdiction over defendants.[6]  Accordingly,

IT IS HEREBY ORDERED that the ex parte Orders for Process of Attachment and Garnishment issued in this action be vacated.

IT IS FURTHER ORDERED that any funds attached as EFTs pursuant to those Orders be immediately released.

IT IS FURTHER ORDERED that the Complaint is hereby dismissed

---

[5]     *Id.*

[6]     *See Fedcom Europe Ltd. v. Spark Trading DMCC*, No. 08 Civ. 10717, 2009 WL 4042749, at *1 (S.D.N.Y. Nov. 23, 2009) (rejecting a similar retroactivity argument, stating that "[i]n fact, the *Hawknet* decision strongly suggests just the opposite: when a ruling establishes that courts lack jurisdiction over a type of case, they are unable, without exception, to consider the merits of such cases.").

3

without prejudice.  The Clerk of the Court is directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 11, 2009

4

## - Appearances -

**For Plaintiff:**

Christopher Carlsen, Esq.
Nicholas Magali, Esq.
Clyde & Co US LLP
405 Lexington Avenue
New York, NY 10174
(212) 710-3900

**For Defendants:**

Richard Vaughan Singleton, II, Esq.
Thomas Hunt Belknap, Jr., Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000